**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL4086)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

HENRY FRANKLIN, *on behalf of himself and others similarly situated*,

      Plaintiff,

      v.

WHOLE FOODS MARKET GROUP, INC. and AMAZON.COM, INC.

      Defendants.

Case No.:

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff HENRY FRANKLIN ("Plaintiff Franklin" or "Plaintiff"), individually and on behalf of all other persons similarly situated, by his undersigned attorneys, pursuant to this Class Action Complaint against Defendants WHOLE FOODS MARKET GROUP, INC. ("Whole Foods") and AMAZON.COM, INC. ("Amazon") (collectively, "Defendants"), alleges the following:

## **NATURE OF THE ACTION**

1. This action seeks to bring a stop to, and to obtain redress for, those harmed by Defendants' unlawful and discriminatory criminal history screening policies and practices, which have been used to deny employment opportunities to otherwise qualified job applicants.

2. Plaintiff FRANKLIN brings this lawsuit on his behalf of himself and all others

1

similarly situated against Defendants for willful and/or negligent violations of (1) the New York Human Rights Law ("NYHRL"), N.Y. Exec. Law § 290 *et seq.*, as amended by the Fair Chance Act, (2) the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.*, and (3) the New York State Fair Credit Reporting Act ("NY FCRA"), N.Y. Gen. Bus. Law § 380 *et seq.*

3. In mid-April, 2019, Plaintiff Franklin, a resident of Staten Island, NY, sought employment with the Manhattan delivery service of Whole Foods, a high-end grocery store chain in New York City and around the country (and wholly owned subsidiary of Amazon) by filling out an online application.

4. The online application stated that Whole Foods would be conducting a background check as part of the application process and required Plaintiff Franklin to consent to this.

5. Plaintiff Franklin has a criminal history.

6. Plaintiff Franklin received a letter from Defendants on or about April 22, 2019 informing him that a criminal background check had been undertaken on him and that Amazon would make a final employment decision within ten (10) days. *See* **Exhibit A**. While the letter stated that a screening report and a summary of his rights under the Fair Credit Reporting Act were enclosed, these were actually received only a few days later directly from the screening agency, Accurate Background, Inc.

7. Plaintiff Franklin later received another letter from Amazon dated May 6, 2019. It was captioned "Adverse Action Letter" and stated that his employment application had been rejected, in whole or in part, on the basis of information contained in a consumer report (the criminal background check) provided to Amazon by Accurate Background, Inc. The Adverse

Action Letter informed Plaintiff Franklin that he had the right to dispute the accuracy of the information in his background report with Accurate Background, Inc. *See* **Exhibit B**.

8. Upon information and belief, Plaintiff Franklin was denied employment in whole or in part on the basis of his criminal record, as there is nothing else in his background that could have motivated this decision.

9. Through their procedures, Defendants violated Plaintiff Franklin's rights under the three aforementioned statutes, as detailed below. On behalf of himself and others similarly situated, Plaintiff seeks statutory damages; exemplary and punitive damages; injunctive and/or declaratory relief, pre-judgment and post-judgment interest; and reasonable attorneys' fees, costs, and expenses for Defendants' violation of the following laws:

***New York Human Rights Law (NYHRL)***

10. New York Human Rights Law, N.Y. Exec. Law § 290 et seq. restricts the ability of employers to deny employment on the basis of applicants' criminal histories:

> It shall be an unlawful discriminatory practice for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to deny any license or employment to any individual by reason of his or her having been convicted of one or more criminal offenses, or by reason of a finding of a lack of "good moral character" which is based upon his or her having been convicted of one or more criminal offenses, when such denial is in violation of the provisions of article twenty-three-A of the correction law.

N.Y. Exec. Law § 296

11. Article 23-A of the Corrections Law, which NYHRL incorporates, prohibits employers from denying employment to an applicant when this denial "is based upon the fact that the individual has previously been convicted of one or more criminal offenses, unless" the employer can show "a direct relationship" between the conviction(s) and the job or "an unreasonable risk to property or to the safety or welfare of specific individuals or the general

public." N.Y. Corr. Law § 752.

12. To determine whether such a direct relationship and unreasonable risk exist, Article 23-A requires employers to consider the following eight factors before taking any adverse action on the basis of a job applicant's criminal record:

> (a) The public policy of this state, as expressed in this act, to encourage the licensure and employment of persons previously convicted of one or more criminal offenses.
>
> (b) The specific duties and responsibilities necessarily related to the license or employment sought or held by the person.
>
> (c) The bearing, if any, the criminal offense or offenses for which the person was previously convicted will have on his fitness or ability to perform one or more such duties or responsibilities.
>
> (d) The time which has elapsed since the occurrence of the criminal offense or offenses.
>
> (e) The age of the person at the time of occurrence of the criminal offense or offenses.
>
> (f) The seriousness of the offense or offenses.
>
> (f) Any information produced by the person, or produced on his behalf, in regard to his rehabilitation and good conduct.
>
> (g) The legitimate interest of the public agency or private employer in protecting property, and the safety and welfare of specific individuals or the general public.

N.Y. Correct. Law § 753.

13. Article 23-A furthermore requires employers to explain their reasoning to applicants who are denied employment. Those "previously convicted of one or more criminal offenses" must be permitted to request a written explanation for the employer's denial of employment, which the employer is required to provide within 30 days of the request. N.Y. Corr. Law § 754.

14. The NYHRL provides for a private cause of action for job applicants harmed by unlawful discriminatory practices on the basis of a criminal history, including punitive damages and civil fines:

> Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages, including, in cases of employment discrimination related to private employers and housing discrimination only, punitive damages, and such other remedies as may be appropriate, including any civil fines and penalties provided in subdivision four of this section, unless such person had filed a complaint hereunder or with any local commission on human rights, or with the superintendent pursuant to the provisions of section two hundred ninety-six-a of this chapter, provided that, where the division has dismissed such complaint on the grounds of administrative convenience, on the grounds of untimeliness, or on the grounds that the election of remedies is annulled, such person shall maintain all rights to bring suit as if no complaint had been filed with the division.

N.Y. Exec. Law § 297

15. Defendant violated the New York Human Rights Law when it denied employment to Plaintiff Franklin without undertaking an Article 23 analysis and without affording Plaintiff Franklin an opportunity to request and then respond to that analysis. Defendants' May 6, 2019 Adverse Action Letter denying Plaintiff Franklin employment with Defendants informed him of his right to dispute the accuracy of the Accurate Background report. But it contained no mention of his right to see and then respond to Defendants' Article 23-A analysis.

*New York City Human Rights Law (As Amended by the Fair Chance Act)*

16. New York City has also long supported the protections provided by Article 23-A. The New York City Human Rights Law (NYCHRL) states that no employer may "deny employment to any person" based on a criminal conviction "when such denial or adverse action is in violation of the provisions of article twenty-three-a of the correction law." N.Y.C. Admin. Code § 8-107(10).

5

17. New York City has found that "there is no greater danger to the health, morals, safety and welfare of the city and its inhabitants than the existence of groups prejudiced against one another and antagonistic to each other because of their actual or perceived differences, including those based on . . . conviction or arrest record." N.Y.C. Admin. Code § 8-101. Overbroad and/or arbitrary bans on hiring because of conviction histories undermine and violate New York City's clearly articulated policy. Such acts of discrimination "menace the institutions and foundation of a free democratic state." N.Y.C. Admin. Code § 8-101.

18. However, in 2015, New York City determined that Article 23-A standing alone was inadequate to its ends, given that discrimination on the basis of criminal background "still occurred when applicants were asked about their records before completing the hiring process because many employers were not weighing the factors laid out in Article 23-A." NYC Commission on Human Rights Legal Enforcement Guidance on the Fair Chance Act, Local Law No. 63 (2015) ("Fair Chance Guidance") at 2.

19. Accordingly, New York City supplemented Article 23-A protections by enacting the Fair Chance Act on October 27, 2015, which "make[s] it an unlawful discriminatory practice for most employers, labor organizations, and employment agencies to inquire about or consider the criminal history of job applicants until after extending conditional offers of employment." Fair Chance Guidance at 1.

20. The Fair Chance Act specifies the following procedures for inquiring into criminal backgrounds:

> (b) After extending an applicant a conditional offer of employment, an employer . . . may inquire about the applicant's arrest or conviction record if before taking any adverse employment action based on such inquiry, the employer, employment agency or agent thereof
>
> (i) provides a written copy of the inquiry to the applicant in a

6

>manner to be determined by the commission;
>
>(ii) performs an analysis of the applicant under article twenty-three-a of the correction law and provides a written copy of such analysis to the applicant in a manner determined by the commission, which shall include but not be limited to supporting documents that formed the basis for an adverse action based on such analysis and the employer's . . . reasons for taking any adverse action against such applicant; and
>
>(iii) after giving the applicant the inquiry and analysis in writing pursuant to subparagraphs (i) and (ii) of this paragraph, allow the applicant a reasonable time to respond, which shall be no less than three business days and during this time, holds the position open for the applicant.

N.Y.C. Admin Code § 8-107(11-a)(b).

21. Defendants violated the Fair Chance Act by inquiring into, and then taking adverse action on the basis of, Plaintiff Franklin's criminal history before making a conditional offer of employment. Not only was this criminal history inquiry legally premature, Defendants then failed to undertake an Article 23-A analysis, provide the results to Plaintiff Franklin, and then afford Plaintiff Franklin an opportunity to respond to them.

22. Defendants' April 22, 2019 letter informed Plaintiff that a background check had been undertaken on him. But no conditional offer of employment had been extended at that point, making the background check unlawful. Indeed, Defendant had already violated the Fair Chance Act when it required Plaintiff Franklin to consent to a background check as part of his application.

23. Defendants violated the Fair Chance Act again through their May 6, 2019 Adverse Action Letter informing Plaintiff that his application for employment had been denied, as employers may not deny employment on the basis of a criminal history without first providing an applicant with their Article 23-A analysis and an invitation to respond to it. At no

point did Defendants do this.

24. Defendants have acted consciously in breaching their known duties and depriving Plaintiff and other Class member job applicants of their rights under the NYCHRL.

25. The ability to find employment is an essential aspect of reentering society for people with criminal histories. Recidivism declines when those individuals have viable employment prospects and other stabilizing resources in their communities. Defendants' policy of discriminating against individuals with criminal records frustrates such public policy objectives.

*New York Fair Credit Reporting Act (NY FCRA)*

26. The NY FCRA requires that:

> When a consumer reporting agency provides a consumer report that contains criminal conviction information, permitted by paragraph one of subdivision (a) of section three hundred eighty-j of this article, to a user, the person, firm, corporation or other entity requesting such report shall provide the subject of such report a printed or electronic copy of article twenty-three-A of the correction law governing the licensure and employment of persons previously convicted of one or more criminal offenses.

N.Y. Gen. Bus. Law § 380-g(d).

27. Defendants violated the NY FCRA when they relied on a consumer report without providing Plaintiff Franklin with printed or electronic copy of Article 23-A.

28. Upon information and belief, Defendants have routinely and systematically failed to provide other job applicant Class members with a copy of Article 23-A of the Correction Law after receiving a consumer report from a consumer reporting agency.

29. This has caused Plaintiff and other job applicants concrete harm because it has denied them an opportunity to learn of their rights under Article 23-A of the Correction Law and created the risk of future harm.

30. Defendants' failure to provide Plaintiff and other job applicants with a copy of Article 23-A of the Correction law denied them information about their legal right to be free from discrimination and about their remedies for that discrimination once it had occurred.

31. Defendants' failure to provide this information also created the risk that Plaintiff and other job applicants would fail to seek to vindicate their right to be free from discrimination.

32. Given that the time for an individual to bring a claim against Defendants through the New York City Commission on Human Rights ("NYCCHR") is only one year, as many Class Members have had their choice of venues diminished through Defendants' actions, causing further concrete harm. *See* N.Y.C. Admin. Code § 8-109(e) (stating that commission lacks jurisdiction over complaints "filed more than one year after the alleged unlawful discriminatory practice or act of discriminatory harassment or violence . . . occurred"); N.Y. Corr. Law § 755(2) (explaining that claims can be brought against private employers, *inter alia*, through NYCCHR),

33. Defendants' violation of the NY FCRA frustrates New York's public policy of increasing the employment of persons with criminal convictions. *See* N.Y. Corr. Law § 753(1)(a).

34. The harms suffered by Plaintiff and other job applicants are the precise harms that the New York Legislature enacted section 380-g to prevent. *See* L. 2008, c. 465, § 2, eff. Feb. 1, 2009 (enactment of provision was to "ensure that employers and prospective employees are informed about the mandates of Article 23-A of the correction law" because that information "will help to avoid illegal discrimination against persons with a criminal conviction").

## **JURISDICTION AND VENUE**

35. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because this is a class action as defined by 28 U.S.C § 1332(d)(1)(B), whereby: (i) the proposed class

9

consists of over 100 class members, (ii) a member of the putative class is a citizen of a different state than Defendants, and (iii) the amount in controversy exceeds the sum or value of $5,000,000, excluding interest and costs.

36. The Court has personal jurisdiction over Defendants engaged in the wrongdoings alleged in this Complaint throughout the United States, including in New York State; Defendants are authorized to do business in New York State; and Defendants have sufficient minimum contacts with New York and/or otherwise have intentionally availed themselves of the markets in New York State, thereby rendering the exercise of jurisdiction by the Court permissible under traditional notions of fair play and substantial justice. Defendants' activity within New York State are substantial and not isolated.

37. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims alleged herein occurred in this District. Plaintiff was seeking employment in Manhattan and was denied employment in Manhattan.

38. Contemporaneously with the filing of this Complaint, Plaintiff will mail a copy of the Complaint to the New York City Commission of Human Rights and the Office of the Corporation Counsel of the City of New York, thereby satisfying the notice requirements of Section 8-502 of the New York City Administrative Code.

## PARTIES

### *Plaintiff Henry Franklin*

39. Plaintiff Franklin is a citizen of New York and a resident of Richmond County, where he applied online for employment a Whole Foods (in Manhattan) and where he received Defendants' communications.

*Defendants*

40.     Amazon.com, Inc., is a Delaware corporation with its principal place of business at 410 Terry Ave N., Seattle, Washington, 98109. Its address for service of process is Corporation Service Company, 80 State Street, Albany, NY 12207.

41.     Whole Foods Market Group, Inc. is a Delaware corporation and a wholly owned subsidiary of Amazon.com, Inc. Its principal place of business is 550 Bowie Street, Austin, Texas, 78703.  Its address for service of process is CT Corporation System, 28 Liberty St., New York, NY 10005.

## **CLASS ACTION ALLEGATIONS**

42.     Plaintiff Franklin brings this case as a proposed Class action pursuant to Federal Rule of Civil Procedure 23 ("Rule") on behalf of himself each of the following three classes of persons (collectively, the "Classes"):

43.     The **NYHRL Class**, defined as:

> All individuals in New York State who, during the applicable three-year limitations period, were denied employment based in whole or in part on criminal offense information contained in a consumer report without Defendants
> (a) performing a complete New York Correction Law Article 23-A analysis, or
> (b) affording the applicant an opportunity to request and respond to the Article 23-A analysis

44.     The **NYCHRL Class**, defined as:

> All individuals in New York City who, during the applicable three-year limitations period, were denied employment based in whole or in part on criminal offense information contained in a consumer report without Defendants
> (a) extending a conditional offer of employment to the applicant prior to undertaking a criminal background check or prior to requesting the individual's consent to a background check, or
> (b) first providing the applicant with Defendant's Article 23-A analysis and allowing the applicant a reasonable period of time to respond to it.

45. The **NY FCRA** Class, defined as:

> All individuals in New York State who, during the applicable two-year statute of limitations period, had consumer reports requested about them by Defendants but were not provided with a copy of article twenty-three-A of the correction law.

46. These three classes are collectively referred to as "the Classes." Members of one or more of these three Classes are collectively referred to as "Class Members."

47. Plaintiff reserves the right to amend the foregoing class definitions based on information learned in the course of litigating this case.

48. Class Members are so numerous that joinder of all members is impracticable. The precise number of Class Members is uniquely within Defendants' possession, and Class Members may be notified of the pendency of this action by published and/or mailed notice.

49. There are questions of law and fact common to Class Members, and these questions predominate over any questions affecting only individual members. Common legal and factual questions include, among others:

(a) Whether Defendants violated the NYHRL by denying employment to Plaintiff and the NYHRL Class on the basis of a criminal record without undertaking an Article 23-A analysis or allowing Plaintiff and Class Members to request and respond to that analysis;

(b) whether Defendants violated the NYCHRL by undertaking a background check on Plaintiff and the NYCHRL Class, or requesting their permission to undertake a background check, before extending to them a conditional offer of employment;

(c) whether Defendants violated the NYCHRL by denying employment to Plaintiff and the NYCHRL Class without first providing them with an Article 23-A analysis and inviting them to respond to it;

(d) whether Defendants violated the NY FCRA by failing to provide Plaintiff and the NY FCRA Class with a copy of Article 23-A of the Correction Law, in violation of N.Y. Gen. Bus. Law § 380-g(d);

(e) whether Defendants were willful in their noncompliance with the requirements of the NYHRL, NYCHRL, and NY FCRA;

      (f)      whether statutory damages, compensatory damages, exemplary damages and punitive damages for Class Members are warranted; and

      (g)      whether a declaratory judgement and/or injunctive relief is warranted regarding Defendants' policies and practices.

50. Plaintiff's claims are typical of the claims of the classes he seeks to represent. Upon information and belief, it is Defendants' standard practice to take adverse actions against applicants without properly considering the factors laid out in the Correction Law, following the procedures laid out in the NYCHRL as amended by the Fair Chance Act, or the notice requirements of the NY FCRA. Plaintiff is entitled to relief under the same causes of action as other Class Members.

51. Plaintiff will fairly and adequately represent and protect the interests of Class Members because his interests coincide with, and are not antagonistic to, the interests of the Class Members. Plaintiff has retained Counsel who are competent and experienced in complex class actions. There is no conflict between Plaintiff and the Class Members.

52. Class certification is appropriate under Rule 23(b)(2) because Defendants have acted and/or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the Classes as a whole (or as to a specific subset of issues). The Class Members are entitled to declaratory and injunctive relief to end Defendants' common, uniform, unfair, and discriminatory policies and practices.

53. Class certification is also appropriate under Rule 23(b)(3) because common questions of fact and law predominate over any questions affecting only individual Class Members. For example, Defendants have maintained a common policy of taking adverse action without first properly considering the mandatory factors laid out in the Correction Law or otherwise following relevant provisions of the NYCHRL (including the Fair Chance Act).

54. Moreover, a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Class Members have been damaged and are entitled to recovery as a result of Defendants' uniform policies and practices. The amount of each Class Member's individual claim is small compared to the expense and burden of individual prosecution of this litigation. A class action will allow more individuals to obtain relief, given the high cost of bringing individual actions, while also saving judicial resources.

## CAUSES OF ACTION

## FIRST COUNT

**VIOLATIONS OF NEW YORK HUMAN RIGHTS LAW**
**(N.Y. Exec. Law § 290 et seq)**

*Brought by Plaintiff on Behalf of Himself and the NYHRL Class*

55. Plaintiff, on behalf of himself and the NYHRL Class incorporates the preceding paragraphs and alleges as follows:

56. Defendants denied employment to Plaintiff and the NYHRL Class based in whole or in part on the criminal history information contained within their consumer reports and/or aided and abetted those denials of employment.

57. Before denying employment to Plaintiff and the NYHRL Class, Defendants failed to conduct a proper inquiry into the factors outlined in Article 23-A of the Correction Law, in violation of N.Y. Exec. Law § 296. Having failed to do this, Defendants also failed to inform Plaintiff and other Class Members of their right to request a copy of and respond to the Article 23-A analysis explaining the grounds for denying them employment.

58. As a result of Defendants actions and omissions, Plaintiff and the NYHRL Class have been deprived of their rights and have lost employment opportunities, earnings and other

employment benefits.

59. In addition to damages, Plaintiff and the NYHRL Class seek injunctive and declaratory relief to correct Defendants' discriminatory policies and practices.

## SECOND COUNT

### VIOLATIONS OF NEW YORK CITY HUMAN RIGHTS LAW
### N.Y.C. Admin. Code. § 8-101 *et seq.*, § 8-107(11-a)(b)(i)-(iii)

*Brought by Plaintiff on Behalf of Himself and the NYCHRL Class*

60. Plaintiff, on behalf of himself and the NYCHRL Class, incorporates the preceding paragraphs and alleges as follows:

61. Defendants denied employment to Plaintiff and the NYCHRL Class based in whole or in part on the criminal history information contained within their consumer reports.

62. Defendant violated the NYCHRL when it undertook background checks on Plaintiff and the NYCHRL Class (and requested their consent to such) before extending to them a conditional offer of employment.

63. Defendant further violated the NYCHRL when it denied employment to Plaintiff and the NYCHRL Class without:

   a. providing a written copy of any Article 23-A analyses conducted on applicants as required by N.Y.C. Admin Code § 8-107(11-a)(b)(ii); and

   b. allowing applicants a reasonable amount of time, not less than three days, to respond to the inquiries and analyses, and hold the job open during that time, as required by N.Y.C. Admin Code § 8-107(11-a)(b)(iii).

64. Each of these failures by Defendants establishes a separate cause of action and injured Plaintiff and the NYCHRL Class.

65. As a result of all the foregoing failures, Plaintiff and the NYCHRL Class have lost employment opportunities, earnings and other employment benefits.

66.     In addition to damages, Plaintiff and the NYCHRL Class seek injunctive and declaratory relief to correct Defendants' discriminatory policies and practices.

## THIRD COUNT

### VIOLATIONS OF NEW YORK FAIR CREDIT REPORTING ACT
### (N.Y. Gen. Bus. Law § 380-g(d))

*Brought by Plaintiff on Behalf of Himself and the NY FCRA Class*

67.     Plaintiff, on behalf of himself and the NY FCRA Class, incorporates the preceding paragraphs and alleges as follows:

68.     Defendants violated the NY FCRA by procuring consumer reports from Plaintiff and the NY FCRA Class without providing them with copies of Article 23-A of the Correction Law.

69.     Defendants' policy caused concrete injury (including the risk of harm) to Plaintiff and the NY FCRA Class, including because they could not learn of their rights under Article 23-A.

70.     Defendants acted willfully and in knowing or reckless disregard of their obligations and the rights of Plaintiff and the NY FCRA Class.

71.     Defendants' willful conduct is reflected by, among other things, the fact that it violated a clear statutory mandate set forth in N.Y. Gen. Bus. Law § 380-g(d).

72.     As a result of Defendants' actions, Plaintiff and the NY FCRA Class have been deprived of their consumer rights, prevented from timely and effectively contesting the adverse action.

73.     Defendants' willful and/or negligent conduct makes them liable for actual damages, punitive damages, and attorneys' fees and costs, in an amount to be determined by the Court pursuant to N.Y. Gen. Bus. Law § 380-l and N.Y. Gen. Bus. Law § 380-m.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and Class Members pray for relief as follows:

(a) Certification of the case as a class action on behalf of the proposed classes;

(b) Designation of Plaintiff Franklin as representative of Class Members for all three Classes;

(c) Designation of Plaintiff's counsel of record as Class Counsel for all three Classes;

(d) Injunctive and/or declaratory relief to correct Defendants' discriminatory policies and practices;

(e) An award of all applicable compensatory and statutory damages for violations of the NYHRL, NYCHRL, and NY FCRA;

(f) An award of all applicable punitive damages for all violations of the NYHRL, NYCHRL, and NY FCRA found to be willful;

(g) An award of costs incurred herein, including reasonable attorneys' fees to the extent allowable by law;

(h) Pre-judgment and post-judgment interest, as provided by law;

(i) Payment of a reasonable service award to Plaintiff Franklin, in recognition of the services he has rendered and will continue to render to Class Members, and the risks he has taken and will take; and

(j) Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of themselves and all others similarly situated, demand a trial by jury on all questions of fact raised by the Complaint.

Dated: June 26, 2020

Respectfully submitted,

**LEE LITIGATION GROUP, PLLC**

*/s/ C.K. Lee*
By:  C.K. Lee, Esq.

C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181

*Attorneys for Plaintiff and the Classes*