USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/26/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
HENRY FRANKLIN, *on behalf of himself and*                     :
*others similarly situated*,                                   :
                                                               :
                                       Plaintiff,              :   20-CV-4935 (VEC)
                                                               :
                - against -                                    :   OPINION & ORDER
                                                               :
WHOLE FOODS MARKET GROUP, INC.,                                :
AMAZON.COM, INC., CORNUCOPIA                                   :
LOGISTICS, LLC.                                                :
                                                               :
                                       Defendants.             :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

In this putative class action, Henry Franklin sued Whole Foods Market Group, Inc. ("Whole Foods"), Amazon.com, Inc. ("Amazon"), and Cornucopia Logistics, LLC ("Cornucopia"), for employment discrimination based on his criminal history in violation of (1) the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 292 *et. seq.*; (2) the New York City Human Rights Law ("NYCHRL") as amended by the Fair Chance Act, N.Y.C. Admin. Code § 8-101 *et seq.*; and (3) the New York State Fair Credit Reporting Act ("NY FCRA"), N.Y. Gen. Bus. Law § 380 *et seq*. Defendants moved to dismiss the Amended Complaint pursuant to Rule 12(b)(6) for failure to state a claim and Rule 12(b)(1) for lack of standing. For the reasons discussed below, Defendants' motion is DENIED.[1]

---

[1] The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A). The purported damages exceed $5,000,000 and Franklin is a citizen of New York while two of the Defendants, Amazon and Whole Foods, are citizens of other states. *See* First Amended Complaint ("FAC"), Dkt. 24 ¶¶ 64–66. The remaining Defendant, Cornucopia, is a citizen of New York and two other states. *See* Letter, Dkt. 48. 28 U.S.C. § 1332(d)(4) requires a court to decline to exercise jurisdiction when more than two-thirds of the members of the proposed class action are citizens of the state in which the action was originally filed and at least one defendant from whom significant relief is sought and whose alleged conduct forms a significant basis for the claims asserted is a citizen of the state in which the action was originally filed. Given that this action concerns activities in New York state and Cornucopia is a citizen of New York, the Court ordered Plaintiff to show cause why the case should not be

## BACKGROUND

In April 2019, Franklin applied for a job as a delivery worker with Cornucopia, a vendor that has a contract with Amazon to provide delivery workers for its subsidiary Whole Foods. First Amended Complaint ("FAC"), Dkt. 24 ¶ 3. Franklin has a criminal history; he was paroled from prison in 2018 after serving nearly 25 years on a conviction for second-degree murder. Background Report, Dkt. 35-1 at 3. Franklin contends that the job application, which was posted by Cornucopia on a recruiting website, stated that applicants must consent to a background check as part of the job application process. FAC ¶ 4. Amazon and Whole Foods claim Franklin answered "no" when asked as part of his application whether he had any prior convictions. Mem. of Law, Dkt. 34 at 2 (citing Background Report at 6); Mem. of Law, Dkt. 43 at 1 (same).

Shortly after Franklin completed the online application, he alleges that he received a letter from Amazon informing him that Amazon had performed a background check and would make a final decision on his application in ten days. FAC, ¶¶ 4–5; Screening Report Cover Letter, Dkt. 24-1 at 1. The letter further invited him to contact the screening company, Accurate

---

dismissed without prejudice for lack of subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(4). *See* Order, Dkt. 47.

Upon review of the parties' filings, the Court is persuaded that it has subject-matter jurisdiction over this matter because Cornucopia is not a Defendant "from whom significant relief is sought by members of the plaintiff class." 28 U.S.C. § 1332(d)(4)(A)(i)(II)(aa). In the FAC, Franklin defines the proposed class as all individuals applying for employment with any of the Defendants, regardless of whether they applied via Cornucopia. *See* FAC ¶¶ 69–71. Amazon and Whole Foods are large employers in New York City and New York state, especially when compared to the numbers of employees hired by Cornucopia. *See* Letter Resp., Dkt. 50 at 4; Letter Resp., Dkt. 51 at 4. Members of the class who applied directly to Amazon or Whole Foods or who applied via other vendors would have no claim against Cornucopia. Accordingly, because only a small portion of the class seeks relief from Cornucopia, the exception in 28 U.S.C. § 1332(d)(4)(A)(i)(II)(aa) does not apply to this case. *See Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 156 (3d Cir. 2009) ("In relating the local defendant's alleged conduct to all the claims asserted in the action, the significant basis provision effectively calls for comparing the local defendant's alleged conduct to the alleged conduct of all the Defendants."); *Ava Acupuncture P.C. v. State Farm Mut. Auto. Ins. Co.*, 592 F. Supp. 2d 522, 528 (S.D.N.Y. 2008) ("[C]ourts have generally required that the local defendant's conduct must be significant in relation to the conduct alleged against other defendants in the complaint, and that the relief sought against that defendant is a significant portion of the entire relief sought by the class." (cleaned up)).

Background, Inc., if he wanted to dispute the accuracy of the Background Report. Screening Report Cover Letter at 1. Franklin alleges that he received another letter from Amazon two weeks later, informing him that his application had been denied "in whole or in part" due to information contained in the Background Report. Adverse Action Letter, Dkt. 24-2 at 1.

On June 26, 2020, Franklin filed this action against Amazon and Whole Foods. Compl., Dkt. 1. On September 25, 2020, he amended his complaint and added Cornucopia as a Defendant. FAC, Dkt. 24. Franklin alleges that Defendants unlawfully discriminated against him based on his criminal history and that they used discriminatory screening policies and practices in violation of the NYSHRL, the NYCHRL, and the NY FCRA. FAC ¶¶ 1–2.[2] Defendants moved to dismiss the FAC for failure to state a claim pursuant to Rule 12(b)(6) and

---

[2]  Both the NYSHRL and the NYCHRL prohibit discrimination in hiring based on an applicant's criminal history, and both statutes incorporate the requirements of Article 23-A of the N.Y. Corrections Law into their non-discrimination provisions. *See* N.Y. Exec. Law § 296(15); N.Y.C. Admin. Code § 8-107(10). Article 23-A of the New York Corrections Law prohibits discrimination in hiring based on a prospective employee's criminal history, except in certain prescribed circumstances. N.Y. Corr. Law §§ 750–755. Employers may elect not to hire someone with a criminal history (1) when his or her criminal conviction has a "direct relationship" to the position sought; or (2) if hiring the ex-offender would pose an "unreasonable risk" to the public. N.Y. Corr. Law § 752. To determine whether the exceptions apply, Article 23-A requires prospective employers to consider eight factors: "(a) The public policy of this state, as expressed in this act, to encourage the licensure and employment of persons previously convicted of one or more criminal offenses; (b) The specific duties and responsibilities necessarily related to the license or employment sought or held by the person; (c) The bearing, if any, the criminal offense or offenses for which the person was previously convicted will have on his fitness or ability to perform one or more such duties or responsibilities; (d) The time which has elapsed since the occurrence of the criminal offense or offenses; (e) The age of the person at the time of occurrence of the criminal offense or offenses; (f) The seriousness of the offense or offenses; (g) Any information produced by the person, or produced on his behalf, in regard to his rehabilitation and good conduct; (h) The legitimate interest of the public agency or private employer in protecting property, and the safety and welfare of specific individuals or the general public." N.Y. Corr. Law § 753.

Additionally, to ensure that an applicant's criminal history does not cloud the employer's initial hiring decision, 2015 amendments to the NYCHRL require prospective employers to offer an applicant a position conditionally before asking about the applicant's criminal background. Fair Chance Act, N.Y.C. Local Law No. 63 (2015). The amendments further require that before a prospective employer may revoke a conditional offer because of an applicant's criminal history, the employer must provide the applicant with its analysis of the Article 23-A factors and give the applicant an opportunity to respond. *Id.*

for lack of standing pursuant to Rule 12(b)(1). Notices of Mots., Dkts. 33, 42.³ Franklin opposes the motions. Resp., Dkt. 37; Resp., Dkt. 45.

## DISCUSSION

I.   **Defendants' Motion to Dismiss for Failure to State a Claim**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must allege sufficient facts, taken as true, to state a plausible claim for relief." *Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). A claim is facially plausible when the factual content pleaded allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering a Rule 12(b)(6) motion to dismiss, the Court draws all reasonable inferences in the light most favorable to the plaintiff. *See Gibbons v. Malone*, 703 F.3d 595, 599 (2d Cir. 2013) (citation omitted).

A.   **Franklin Has Adequately Alleged that Whole Foods and Amazon Were His Prospective Employers**

At the time Franklin applied to work at Cornucopia, the NYSHRL and NYCHRL non-discrimination provisions applied only to "employers." N.Y. Exec. Law § 296(15); N.Y.C. Admin. Code § 8-107(10); *see also Griffin v. Sirva, Inc.*, 29 N.Y.3d 174, 183–84 (2017).⁴ Amazon and Whole Foods argue that Franklin has failed to plead adequately that any entity other

---

³ Amazon and Whole Foods filed a joint motion to dismiss, *see* Notice of Mot., Dkt. 33, and Cornucopia filed its own motion, *see* Notice of Mot., Dkt. 42. The two sets of briefs are mostly duplicative, although unlike Amazon and Whole Foods, Cornucopia does not deny that it was Franklin's prospective employer.

⁴ NYSHRL was amended, effective October 11, 2019, to cover persons who are not intended to be employees, such as independent contractors. N.Y. Exec. Law § 296-d. NYCHRL was amended, effective January 2020, so that it also now covers independent contractors. N.Y.C. Admin. Code § 8-107(23). Neither amendment appears to apply retroactively. *Smith v. Calypso Charter Cruises Inc.*, No. 19-CV-7076, 2021 WL 4084182, at *7, *7 n.5 (S.D.N.Y. Sept. 8, 2021).

4

than Cornucopia was his prospective employer.[5] Mem. of Law, Dkt. 34 at 7–8. In *Griffin v. Sirva, Inc.*, the New York Court of Appeals adopted a four-factor test to determine whether an entity is an individual's direct employer.[6] The four factors are: "(1) the selection and engagement of the servant; (2) the payment of salary or wages; (3) the power of dismissal; and (4) the power of control of the servant's conduct." 29 N.Y.3d at186 (quoting *State Div. of Hum. Rts. v. GTE Corp.*, 109 A.D.2d 1082, 1083 (4th Dep't 1985) (internal quotation marks omitted)).

Plaintiff's complaint is largely conclusory. Franklin alleges, with no factual support, that "Amazon controls every aspect of [Cornucopia's employees'] employment, including supervising their work and training them to utilize Amazon proprietary technology to perform their work." FAC ¶ 11. Although it is a very close question, the Court finds that Plaintiff has barely alleged adequately that Amazon and Whole Foods have sufficient control over Cornucopia's employees that they can be considered Franklin's employer, alongside Cornucopia. Whether Plaintiff can sustain that position at summary judgment remains to be seen.

The Court bases its conclusion on the facts pled that tend to show that Amazon has veto power over hiring.[7] With respect to employee selection, in its letters to Plaintiff, Amazon stated that a criminal background check was required to determine his eligibility "to deliver to Amazon customers on behalf of [Cornucopia]." Screening Report Cover Letter at 1. When Amazon rejected Plaintiff's "request to provide services to Amazon on behalf of [Cornucopia]," Adverse

---

[5] Cornucopia does not dispute that Plaintiff has adequately alleged that it was Franklin's prospective employer. Mem. of Law, Dkt. 43; *see also* FAC ¶ 3.

[6] There is no special test to determine whether a defendant is a prospective employer; instead, in failure to hire cases, courts consider whether a defendant is a prospective employer by applying the tests used to determine employer status. *See, e.g.*, *Chau v. Donovan*, 357 F. Supp. 3d 276, 284–86 (S.D.N.Y. 2019) (applying the employer tests to the prospective employment context).

[7] The motion to dismiss on behalf of Whole Foods and Amazon made no effort to separate the factual allegations against Whole Foods from those against Amazon. Had it done so, the Court might have dismissed Whole Foods, as to which the factual allegations in the complaint are particularly thin.

Action Letter at 1,[8] that was, apparently, the end of any prospect Plaintiff had for becoming a Cornucopia employee. Although the FAC could have more clearly alleged the connection, a fair inference is that because Amazon rejected Franklin as someone who could deliver Amazon products, Cornucopia would not hire him. That is barely sufficient to allege that Amazon and Whole Foods have authoritative control over hiring.

Amazon and Whole Foods rely on the letters Amazon sent to Franklin to argue that Cornucopia was Franklin's exclusive employer. Amazon and Whole Foods are correct that the Screening Report Cover Letter refers to Franklin's eligibility to deliver to Amazon customers "on behalf of [his] employer," which implies that Amazon and Whole Foods saw Cornucopia as Franklin's prospective employer. *See* Mem. of Law, Dkt. 34 at 8 (citing Screening Report Cover Letter at 1). Amazon and Whole Foods further reference the Adverse Action Letter, signed by Amazon, which states, "[w]e found it necessary to reject your request to provide services to Amazon on behalf of your employer." Adverse Action Letter at 1. Although those two documents confirm that Amazon and Whole Foods viewed Cornucopia as Franklin's prospective employer — a point Cornucopia does not dispute — they say nothing about whether Amazon and Whole Foods would have been joint employers alongside Cornucopia. To that end, the implication of Amazon and Whole Foods' argument that employees may have only one formal employer is wrong as a matter of law. *See Griffin*, 29 N.Y.3d at 184 (finding that courts may "confer employer status on an entity that is not the aggrieved party's direct employer" when, *inter alia*, that entity exhibits "a significant level of control"). Accordingly, Amazon and Whole

---

[8] The letter informing Franklin that he would not be hired, which was signed by Amazon, stated: "This decision was based, in whole or in part, on information contained in a consumer report made, at our request . . .". *See* Adverse Action Letter, Dkt. 24-2 at 1.

Foods's argument that Cornucopia's status as a prospective employer precludes a finding that they too are prospective employers is unpersuasive.

In short, while he may have a very tough row to hoe on this point at the summary judgment stage, Franklin has pled adequately, although just barely, that Amazon and Whole Foods were prospective employers.[9]

### B. Franklin Has Stated a Claim of Employment Discrimination Under the NYSHRL

Section 296(15) of NYSHRL makes it unlawful to deny employment to an individual "by reason of his having been convicted of one or more criminal offenses . . . when such denial is in violation of the provisions of [Article 23-A] of the N.Y. Correction Law." *See* N.Y. Exec. Law § 296(15). Article 23-A provides, in part, that employment shall not be "denied or acted upon adversely by reason of the individual's having been previously convicted of one or more criminal offenses" unless one of two exceptions applies. N.Y. Corr. Law § 752. When there is a "direct relationship" between the criminal offense and the employment sought or when hiring someone with a criminal background poses an "unreasonable risk" to the public, then prospective employers may deny employment on the basis of an applicant's criminal history. N.Y. Corr. Law § 752.

Courts consider NYSHRL employment discrimination claims using the *McDonnell Douglas* three-part burden shifting framework used in Title VII cases. *See Walsh v. New York City Hous. Auth.*, 828 F.3d 70, 74–75 (2d Cir. 2016) (quoting *Pucino v. Verizon Wireless*

---

[9] Franklin alleges that "[e]ach Defendant violated NYSHRL either as Plaintiff's prospective employer or by aiding, abetting, inciting, compelling, or coercing Plaintiff's prospective employer to violate NYSHRL . . . ." FAC ¶ 25. Franklin makes the same assertion with respect to claims brought pursuant to NYCHRL. *Id.* ¶ 46. Because the Court finds that Franklin has adequately pled that all three Defendants were his prospective employers, the Court does not consider whether Franklin has stated a claim pursuant to an aiding and abetting theory. Nothing in this opinion precludes Franklin from arguing that Defendants aided and abetted violations of the statutes at a later stage of the proceedings.

*Commc'ns, Inc.*, 618 F.3d 117, n.2 (2d Cir 2010)).  Courts apply this framework to NYSHRL criminal history discrimination claims even though criminal history is not a protected category under Title VII.  *See, e.g.*, *Schwarz v. Consol. Edison, Inc.*, 49 Misc. 3d 832, 841 (Sup. Ct. N.Y. Cnty. 2015), *aff'd*, 147 A.D.3d 9 (1st Dep't 2017) (applying the *McDonnell Douglas* framework to a claim of employment discrimination based on criminal history brought under NYSHRL); *McCoy v. People Care Inc.*, 11-CV-2689 RA, 2013 WL 5313433, at *5–6 (S.D.N.Y. Sept. 20, 2013) (same); *Obabueki v. Int'l Bus. Machs. Corp.*, 145 F. Supp. 2d 371, 380–91 (S.D.N.Y. 2001), *aff'd*, 319 F.3d 87 (2d Cir. 2003) (same).

Pursuant to the *McDonnell Douglas* burden shifting framework, a plaintiff must first present a *prima facie* case by establishing (1) that he belongs to a protected class; (2) that he is qualified or competent to perform the job; (3) that he suffered an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discrimination.  *See Abrams v. Dep't of Pub. Safety*, 764 F.3d 244, 252 (2d Cir. 2014) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973)).  The burden then shifts to the defendant employer to proffer a legitimate, nondiscriminatory motive for the adverse action, at which point the burden shifts back to the plaintiff employee to establish that the proffered reason is pretextual.  *Id.* at 251.

To survive a motion to dismiss, however, a plaintiff need only plead facts sufficient to establish a *prima facie* case.  *See Menaker v. Hofstra Univ.*, 935 F.3d 20, 30 (2d Cir. 2019) (internal citation omitted).  The second and third steps of the *McDonnell Douglas* framework are not considered on a motion to dismiss and are more appropriately considered on a motion for summary judgment or at trial.  *Id.*  Further, "while a discrimination complaint need not allege facts establishing each element of a *prima facie* case of discrimination to survive a motion to dismiss, it must at a minimum assert nonconclusory factual matter sufficient to nudge its claims

across the line from conceivable to plausible to proceed." *EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 254 (2d Cir. 2014) (cleaned up). *See also Yan v. Ziba Mode Inc.*, No. 09-CV-3000, 2016 WL 1276456, at *4 (S.D.N.Y. Mar. 29, 2016) ("The elements of a *prima facie* case are 'an outline of what is necessary to render [a plaintiff's employment discrimination] claims for relief plausible.'" (cleaned up)).

Defendants do not appear to contest that Franklin has adequately alleged the first three elements of a *prima facie* case: his criminal history puts him in a protected category; he is qualified to work as a delivery worker; and he suffered an adverse employment action when he was not hired. Defendants assert that he has not adequately alleged the fourth element because he has not alleged facts that "give plausible support to a minimal inference of discriminatory motivation." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015).

### 1. Franklin Has Adequately Alleged that the Two Permissible Bases for Employment Discrimination Based on Criminal History Do Not Apply

NYSHRL does not prohibit consideration of an applicant's criminal history in deciding whether to hire the person, but such consideration is only permissible if a prospective employer can demonstrate that one or both of the Article 23-A exceptions applies. *See* N.Y. Corr. Law § 752 (permitting employers not to hire someone with a criminal background when his or her criminal conviction (1) has a "direct relationship" to the position sought; or (2) if granting employment would pose an "unreasonable risk" to the public). Accordingly, to allege a minimal inference of discriminatory intent, Franklin must adequately allege facts from which the Court can infer that neither exception applies to him.

Defendants argue that "Franklin only offers his own subjective opinion that his conviction did not have a 'direct relationship' with the job or pose an 'unreasonable risk,' which is insufficient to establish an inference of discrimination." Mem. of Law, Dkt. 34 at 22; *see also*

*id.* at 18 ("At bottom, Franklin's claims boil down to the bare allegations that he has a criminal history and was not hired."); Mem. of Law, Dkt. 43 at 7.[10] The Court disagrees. Franklin has stated a claim, although again just barely, that the two exceptions do not apply to him, nudging his discrimination claim from the conceivable to the plausible. With respect to the first exception, a direct relationship between the conviction and the employment sought, Article 23-A clarifies that a direct relationship "means that the nature of criminal conduct for which the person was convicted has a direct bearing on his *fitness or ability* to perform one or more of the duties or responsibilities necessarily related to the . . . job in question." N.Y. Corr. Law § 750(3) (emphasis added). As the position at issue involved driving to deliver groceries, and, as Franklin asserts, he was never convicted of a vehicular offense, the Court finds that Franklin has adequately alleged that there is no direct relationship between his conviction and his fitness or ability to deliver Whole Foods groceries. FAC ¶ 22. Defendants respond that "[t]here is no basis to conclude that a 'vehicular offense' is the *only* type of offense that has a 'direct relationship' with the delivery position . . . ." Reply, Dkt. 41 at 5–6 (emphasis in original); *see also* Reply, Dkt. 46 at 2–3.[11] But in making this argument, Defendants appear to conflate the "direct relationship" exception with the "unreasonable risk" exception by implying that a past conviction for a crime of violence makes Franklin unfit to deliver groceries. The direct relationship exception focuses on comparing the requirements of the position to the criminal

---

[10] As a threshold matter, Amazon has conceded that Franklin's criminal history — as opposed to some other reason — was at least in part the basis for its decision. The Adverse Action Letter states that the decision not to hire Franklin "was based, in whole or in part, on information contained in a consumer report [detailing his criminal history]." Adverse Action Letter at 1; *see also* Resp., Dkt. 45 at 10–11. That implies that Franklin's criminal history played a role in the adverse employment decision. *See Leibowitz v. Cornell Univ.*, 584 F.3d 487, 502 (2d Cir. 2009) ("An inference of discrimination can arise from circumstances including, but not limited to . . . the sequence of events leading to the plaintiff's discharge." (internal quotation marks omitted)).

[11] The Court agrees that there may well be other offenses that are directly related to one's fitness or ability to deliver groceries (theft, for example, may be directly related), but there is no indication that Franklin has any conviction other than for murder, and the Court fails to see how a conviction for murder is directly, or even indirectly, related to one's fitness or ability to deliver groceries.

conviction. For example, the New York Court of Appeals found a "direct relationship" between a prior conviction for illegally fixing horse races and a Racing and Wagering Board license. *See Bonacorsa v. Van Lindt*, 71 N.Y.2d 605, 614–15 (1988). Nothing suggests that Franklin's criminal conviction has any bearing on his fitness or ability to deliver groceries. Accordingly, construing the allegations in the complaint in the light most favorable to Franklin, he has pled adequately that this exception does not apply.

Franklin has also pled adequately that the second exception, that the employment would involve an unreasonable risk to persons or property, does not apply. The Court is sympathetic to Defendants' likely position that they do not want a convicted murderer delivering groceries to their customers' homes. But considering the allegations in the complaint in the light most favorable to Franklin, he has adequately alleged that he is rehabilitated and no longer poses a threat to the public.[12] Franklin first contends that "[t]he State of New York determined that [he] did not pose an unreasonable risk to anyone's property, safety, or welfare when it saw fit to parole him, and there is no reason the Whole Foods setting would alter this general conclusion." FAC ¶ 22. Franklin further alleges that individuals familiar with his life since his release from prison could attest to the fact that he is rehabilitated. FAC ¶ 23. Moreover, the Background Report reflects that nearly 25 years have elapsed between the time of the conviction and Franklin's job application, so Franklin is now much older than he was when he was convicted (let alone when he committed the crime), both factors that suggest that he no longer poses the

---

[12] One of the purposes of Article 23-A is to alert prospective employers that those who have been released from prison have "paid their debt to society" and can successfully reenter the workforce. *See Acosta v. New York City Dep't of Educ.*, 16 N.Y.3d 309, 320 (2011). Two of the eight factors that employers must weigh when considering whether to deny a person employment based on his criminal history focus on whether the prospective employee has been rehabilitated, including "[t]he time which has elapsed since the occurrence of the criminal offense or offenses" and "[t]he age of the person at the time of occurrence of the criminal offense or offenses." N.Y. Corr. Law § 753.

same threat he once did.  Background Report at 3; Resp., Dkt. 37 at 22.  Taken together, those allegations support the conclusion that Franklin has adequately pled that the public risk exception does not apply to him.

In short, because Franklin has adequately alleged that neither of the Article 23-A exceptions apply, he has adequately alleged facts from which the Court can infer a minimal inference of discriminatory motivation.[13]

### 2. Defendants' Alleged Nondiscriminatory Reason for Failing to Hire Franklin Cannot be Considered on a Motion to Dismiss

Defendants argue that Franklin cannot adequately plead an inference of discrimination because Defendants have a legitimate, nondiscriminatory reason for declining to hire him: he lied on his employment application.  Mem. of Law, Dkt. 34 at 17; Mem. of Law, Dkt. 43 at 7–8.[14]  Defendants are correct that a legitimate nondiscriminatory reason for an adverse employment action can undermine an employment discrimination claim and that a prospective employee's failure to disclose criminal history is generally considered a legitimate reason for taking an adverse employment action.  Mem. of Law, Dkt. 34 at 17 (citing *Kravit v. Delta Air Lines, Inc.*,

---

[13] Additionally, Franklin's allegations that Defendants did not follow the required statutory procedures in their hiring process further supports the conclusion that Franklin has adequately alleged an inference of discrimination.  Franklin contends that Defendants, in violation of NYCHRL and NY FCRA, unlawfully (1) inquired into his criminal background prior to conditionally offering him the job; (2) failed to provide him a copy of their analysis of the Article 23-A factors or to give him an opportunity to respond; (3) failed to solicit evidence of rehabilitation; and (4) did not provide him with a copy of his Article 23-A rights.  *See* FAC ¶¶ 83, 88–89, 94.  In *Doe v. Columbia University*, the Second Circuit held that the failure of Columbia University to follow the required policies and procedures when investigating allegations of sexual assault supported an inference that the school was "motivated by bias."  *Doe v. Columbia Univ.*, 831 F.3d 46, 56-57 (2d Cir. 2016).  *See also Menaker v. Hofstra Univ.*, 935 F.3d 20, 27 (2d Cir. 2019) (reaching a similar conclusion).  Accordingly, Franklin's allegations that Defendants violated relevant statutory procedures further support the conclusion that he has adequately pled an inference of discrimination on the part of Defendants.

[14] Defendants contend that Franklin responded "no" when asked whether he had been convicted of a felony or released from prison following a felony conviction in the past seven years.  Mem. of Law, Dkt. 34 at 4–5 (citing Background Report, Dkt. 35-1 at 6–7).  Franklin had, in fact, been released from prison the previous year (in 2018) after serving a sentence for a felony.  Background Report at 3; Mem. of Law, Dkt. 34 at 4–5, 17.  In the FAC, Franklin states that he "does not recall" answering no to the question about his criminal background, but that, even if he had, it was "merely to prevent the peremptory dismissal of his application."  FAC ¶¶ 42, 43.

12

No. 92-CV-38, 1992 WL 390236, at *2 (E.D.N.Y. Dec. 4, 1992); *McManamon v. City of N.Y. Dep't of Corrs.*, No. 07-CV-10575, 2009 WL 2972633, at *6 (S.D.N.Y. Sept. 16, 2009)); Mem. of Law, Dkt. 43 at 1 (same).

But alleged legitimate reasons for the adverse employment action cannot be considered on a motion to dismiss. To keep the stages of *McDonnell Douglas* separate and to keep the pleading burden minimal, *see Littlejohn*, 795 F.3d at 313, "any inquiry into any non-discriminatory reasons for a defendant's conduct is reserved for summary judgment or trial," *Levy v. Legal Aid Soc'y*, 408 F. Supp. 3d 209, 216 (E.D.N.Y. 2019); *see also Menaker*, 935 F.3d at 35–36, 36 n.69 (holding that a court cannot simply accept an employer's proffered rationale for adverse employment action on a motion to dismiss because this would not be "drawing all reasonable inferences in the plaintiff's favor").[15] Accordingly, at this stage of the proceedings, the Court will not consider Defendants' contention that Franklin's alleged lie about his criminal history is a legitimate reason for not hiring him.

Tellingly, the majority of the caselaw Defendants cite in support of their argument that Franklin's lie warrants dismissal of the complaint are summary judgment opinions, making them wholly inapposite to the motion to dismiss before the Court. *See* Mem. of Law, Dkt. 34 at 2, 2–3, 17 n.6 (citing *McManamon*, 2009 WL 2972633, at *6, *8–9; *Obabueki*, 145 F. Supp. 2d at 371 (S.D.N.Y. 2001), *aff'd*, 319 F.3d 87 (2d Cir. 2003); *Kravit*, 1992 WL 390236, at *2; *Godbolt v. Verizon N.Y. Inc.*, No. 09/109611, 2013 WL 361144 (Sup. Ct. N.Y. Cnty. Jan. 22, 2013); *see also* Mem. of Law, Dkt. 43 at 1, 8 (citing the same cases). Accordingly, those cases provide no

---

[15] Defendants belabor the point that "New York law is clear that denying employment based on an applicant's failure to disclose his criminal record does not implicate Article 23-A." Mem. of Law, Dkt. 34 at 17 (citing *Smith v. Kingsboro Psychiatric Ctr.*, 35 A.D.3d 751, 752 (2d Dep't 2006); N.Y. Corr. Law § 751 (internal quotation marks omitted)); Mem. of Law, Dkt. 43 at 8 (same). The Court does not disagree; if Defendants can withstand the *McDonnell Douglas* test, they can prevail on summary judgment or at trial. But "[i]t is not the court's function in ruling on a motion to dismiss for insufficiency of the complaint to decide which was the defendant's true motivation." *Doe*, 831 F.3d at 56 n.10 (2d Cir. 2016).

13

support for Defendants' contention that the Court should consider their alleged legitimate reason for failing to hire Franklin at the motion to dismiss stage.

Defendants cite three cases where courts considered the employers' alleged legitimate reasons for the adverse employment actions on a motion to dismiss. But those cases are readily distinguishable. In *Soloviev v. Goldstein*, 104 F. Supp. 3d 232, 247–51 (E.D.N.Y. 2015), the court found that the plaintiff had not adequately alleged a *prima facie* case of discrimination and referenced the employer's alleged legitimate reason for the adverse employment action as just one more reason to dismiss the case. Franklin, in contrast, has alleged facts that make out a *prima facie* case of employment discrimination. In *Schwarz*, 49 Misc. 3d at 832, the plaintiff alleged that he had been terminated due to a prior criminal conviction for perjury. *Schwarz*, 49 Misc. 3d at 833. But the plaintiff had revealed his conviction on his employment application, and he had nonetheless been hired, diminishing the likelihood that his criminal background played a role in his firing. *Id.* at 835–36. Here, there is no equivalent evidence in the record. And in *Stinnett v. Delta Air Lines, Inc.*, 18-CV-2704, 2019 WL 1493224, at *4–10 (E.D.N.Y. Mar. 31, 2019), the court found that the complaint failed to connect the alleged adverse employment action (termination due to drug and alcohol violations) with membership in the alleged protected class (gender and disability). *Stinnett*, 2019 WL 1493224, at *4–5. In other words, although the nondiscriminatory motive proffered by the defendant was used by the court to support its conclusion, the court granted the motion because the plaintiff could not connect the adverse employment action to membership in the protected class. *Stinnett*, 2019 WL 1493224, at *7–8. Here, Franklin has stated a claim that the adverse employment action (failure to hire) was related to his protected class (criminal history). Accordingly, because Defendants have cited no relevant case law to support their contention that it is appropriate to consider their alleged legitimate reason for not hiring Franklin on a motion to dismiss, the Court declines to do so.

In short, because Franklin has pled a *prima facie* case of discrimination, Defendants' motion to dismiss Franklin's NYSHRL claim is denied.

### C. Franklin Has Stated a Claim of Employment Discrimination Pursuant to the NYCHRL

NYCHRL utilizes a more liberal standard to assess employment discrimination claims than NYSHRL. *See Farmer v. Shake Shack Enters.*, 473 F. Supp. 3d 309, 327 (S.D.N.Y. 2020) ("The NYCHRL uses the same framework as Title VII and the NYSHRL, but contains, as to some elements, more liberal pleading and proof standards."); *see also Mihalik v. Credit Agricole Cheuvreux N.A., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013). Because Franklin has stated a claim pursuant to the more stringent standards of the NYSHRL, he has necessarily stated a claim under NYCHRL.

### II. Franklin Has Adequately Alleged that He Has Standing as to His Procedural Claims

To have standing pursuant to Article III of the Constitution, a plaintiff must adequately allege: (1) a concrete, particularized, actual, or imminent injury-in-fact; (2) a causal connection between the injury and the conduct complained of such that the injury is "fairly traceable to the challenged action of the defendant;" and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision from the Court. *Lujan v. Defends. of Wildlife*, 504 U.S. 555, 560–61 (1992). At the pleading stage, "general factual allegations of injury resulting from the defendant's conduct may suffice," *Lujan*, 504 U.S. at 561, although the factual allegations must be sufficient to put injury-in-fact into the realm of the plausible, *Harry v. Total Gas & Power N. Am.*, 889 F.3d 104, 110 (2d Cir. 2018).

Franklin alleges that Defendants violated several statutory procedural requirements enacted to safeguard against employment discrimination on the basis of criminal history. The

alleged violations include: (1) failure to provide Franklin with an opportunity to submit evidence of rehabilitation and good conduct in violation of the NYCHRL, FAC ¶ 89; Resp., Dkt. 37 at 20;[16] (2) an unlawful inquiry into Franklin's criminal history prior to making him a conditional offer of employment in violation of the NYCHRL, FAC ¶ 88; (3) failure to provide Franklin with a copy of Defendants' analysis of the Article 23-A factors and an opportunity to respond in violation of the NYCHRL, *id.* ¶ 89; and (4) reliance on a consumer report revealing Franklin's criminal background without first providing him with a copy of his rights under Article 23-A in violation of the NY FCRA, *id.* ¶ 94.

Defendants argue that Franklin lacks standing to assert those "bare procedural violations." *See* Mem. of Law, Dkt. 34 at 19–20; Mem. of Law, Dkt. 43 at 9. But a plaintiff has standing to assert a procedural violation when she alleges a concrete interest affected by the violation of that procedural right. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021) ("[U]nder Article III, an injury in law is not an injury in fact. Only those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court."); *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009) ("[D]eprivation of a procedural right without some concrete interest that is affected by the deprivation — a procedural right *in vacuo* — is insufficient to create Article III standing."). Here, there is no question that Franklin has alleged violations of procedural interests tied to his

---

[16] Franklin also alleges that Defendants failed to provide him "with an opportunity to submit evidence" of rehabilitation before rejecting his job application in violation of the NYSHRL. FAC ¶ 83. Article 23-A, as incorporated by NYSHRL, requires an employer to consider "information produced . . . in regard to . . . rehabilitation and good conduct." N.Y. Corr. Law § 753(1)(g). Courts have found employers to be in violation of NYSHRL for failing to consider evidence presented by the applicant of rehabilitation and good conduct. *See, e.g.*, *Acosta*, 16 N.Y.3d at 319; *Tinsley v. Taxi & Limousine Comm'n*, 58 Misc. 3d 941, 949–50 (Sup. Ct. N.Y. Cnty. 2017). But those cases say nothing to indicate that employers are required to solicit evidence from prospective employees. Franklin cites to no case — and the Court is aware of none — that finds a prospective employer liable for failing affirmatively to provide an opportunity to prospective employees to submit such information. Because NYSHRL does not require employers to provide prospective employees an opportunity to submit evidence of rehabilitation, to the extent Franklin intended separately to plead a violation of NYSHRL on that basis and to the extent Defendants moved to dismiss that claim, that portion of their motion to dismiss is granted.

concrete interest of participating in an employment application process that is free from discrimination based on criminal history. As discussed *infra*, Franklin has stated a claim of employment discrimination based on his criminal history. At this stage of the proceedings, that concrete interest is enough to confer standing over the alleged procedural violations.[17]

The existence of a clear concrete interest is what makes this case distinguishable from those cases where courts find that the plaintiffs lack standing over bare procedural violations of statutes. For example, in *TransUnion*, the Supreme Court considered whether consumers whose credits reports were misleading had standing to sue the credit reporting agency. *Trans Union*, 141 S. Ct. at 2200. The Court found that consumers whose credit files were disseminated to third-party businesses had standing to sue, while those whose files were not disseminated lacked standing. *Id.* The Court explained that "[t]he mere presence of an inaccuracy in an internal credit file, if it is not disclosed to a third party, causes no concrete harm." *Id.* at 2210.[18] But that situation is far from what is present here. Franklin has alleged that Defendants' failure to adhere to the required procedures has facilitated Defendants' discrimination against him based on his criminal history. *See, e.g.*, FAC ¶¶ 84, 95; Resp., Dkt. 37 at 21. Accordingly, Franklin is not alleging bare procedural violations wholly untethered to a concrete injury.

With respect to causation, Defendants argue that Franklin has failed to connect the injury-in-fact with Defendants' conduct. Mem. of Law, Dkt. 34 at 20–21, 25; Mem. of Law, Dkt. 43 at 10–11, 14. Defendants, however, focus on only one of the concrete injuries alleged by Franklin:

---

[17] Defendants do not move to dismiss Franklin's allegations of procedural violations for failure to state a claim. Accordingly, the Court need not consider whether Franklin has stated a claim as to each of the procedural violations he asserts. Because the concrete interest at issue is Franklin's interest in being free from discrimination, whether Franklin has standing over his procedural claims rises and falls with his underlying discrimination claim.

[18] *See also* Resp., Dkt. 37 at 23–25 (collecting cases with similar holdings).

that he was not hired.[19] Although it is true that Franklin has not alleged adequately that he would have been hired had the hiring process complied fully with Article 23-A, he has plausibly alleged that was denied the opportunity to participate in a fully compliant Article 23-A process. Moreover, the Court finds that injury is plausibly connected to Defendants' actions because Defendants allegedly engaged in the discriminatory process and allegedly failed to comply fully with Article 23-A. Accordingly, Franklin has adequately alleged that the injury is "fairly traceable to the challenged action of the defendant[s]." *Lujan*, 504 U.S. at 560–61 (1992).

In short, Plaintiff has standing to pursue his procedural claims.

## CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss is DENIED.

The Court will refer the parties to the Court-annexed Mediation Program by separate order.

The Clerk of Court is respectfully directed to terminate the open motions at docket entries 33 and 42.

---

[19] Franklin alleges that had the procedures been followed, he would have been hired. *See* FAC ¶¶ 7, 24, 41, 56. The Court agrees with Defendants that Franklin has not adequately alleged a connection between the procedural violations on their own and the fact that he was not hired. For example, with respect to Franklin's claim that Defendants failed to provide him with a copy of his Article 23-A rights in violation of the FCRA, connecting that lapse to him not being hired would require factual allegations (a) that Franklin would have read the materials provided to him; (b) that he would have acted on his newly acquired knowledge by affirmatively submitting evidence of his rehabilitation in a timely manner; and (c) that Defendants would have been persuaded by that evidence and would not have rejected his application pursuant to one of the two Article 23-A exceptions. Franklin has not alleged facts to support those contentions. *See Amidax Trading Group v. S.W.I.F.T. SCRL*, 671 F.3d 140, 148 (2d Cir. 2011) (requiring factual support for each step in the causal chain to nudge an alleged injury-in-fact from the conceivable to the plausible, such that the injury is not merely "speculative"); *Baur v. Veneman*, 352 F.3d 625, 630 (2d Cir. 2003) (finding that "a series of hypothetical events" was not sufficient to confer standing").

But when the allegations are viewed in the light most favorable to Franklin, he has alleged a concrete interest in participating in a hiring process that is free from discrimination based on criminal history. And given that he has stated a claim as to the underlying discrimination claim, he has pled enough at this stage of the litigation to support his claim that he has standing to complain about the procedural violations as well.

**SO ORDERED.**

**Date: January 26, 2022**
         **New York, New York**

                                              _____
                                              **VALERIE CAPRONI**
                                              **United States District Judge**