USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04/22/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HENRY FRANKLIN, *on behalf of himself and others similarly situated*,

                Plaintiff,

-against-

WHOLE FOODS MARKET GROUP, INC., AMAZON.COM, INC., and CORNUCOPIA LOGISTICS, LLC.

                Defendants.

No. 1:20-cv-4935-VEC

---

## STIPULATED PROTECTIVE ORDER

**IT IS HEREBY STIPULATED**, pursuant to Rule 26 of the Federal Rules of Civil Procedure, by and between Plaintiff Henry Franklin and Defendants Amazon.com, Inc., Whole Foods Market Group, Inc., and Cornucopia Logistics, LLC (collectively, the "Parties"), by and through their respective undersigned counsel of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties respectfully request that the Court sign this Stipulated Protective Order to govern the production of documents and the conduct of discovery in this Action.

**1.   PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket

protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. This Action is likely to involve Plaintiff's confidential and sensitive personal information, and Defendants' confidential and sensitive employment policies and personnel and employment information, for which special protection from public disclosure and use for any purpose other than prosecution of this Action is warranted. Accordingly, to expedite the flow of information, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.

**2.  DEFINITIONS**

2.1  **Action:** the above-captioned action.

2.2  **Challenging Party:** a Party that challenges the designation of information or items under this Stipulated Protective Order.

2.3  **"CONFIDENTIAL" Information or Items:** Information (regardless of how generated, stored, or maintained), testimony, or tangible things obtained during discovery in this Action that the Designating Party reasonably and in good faith believes contains or would disclose non-public, confidential, proprietary, financial, customer, client or commercially sensitive information, including, but not limited to, any information that constitutes confidential information under the Federal Rule of Civil Procedure 26(c) or applicable laws or regulations.

2.4  **Counsel (without qualifier):** Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.5     **Designating Party:** a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6     **Disclosure or Discovery Material:** all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     **Expert:** a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8     **In-House Counsel:** attorneys who are employees of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     **Non-Party:** any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.10    **Outside Counsel of Record:** attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11    **Party:** any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    **Producing Party:** a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    **Professional Vendors:** persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 **Protected Material:** any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15 **Receiving Party:** a Party that receives Disclosure or Discovery Material from a Producing Party.

**3. SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4. DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5. DESIGNATING PROTECTED MATERIAL**

5.1 **Manner and Timing of Designations.** Except as otherwise provided in this Stipulated Protective Order (*see, e.g.*, Section 5.2(b) below), or as otherwise stipulated or

4

ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains Protected Material. If only a portion or portions of the material on a page qualify for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) a Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(c) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party shall either (1) identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, or (2) designate the entirety of the

testimony as "confidential" (before the proceedings are concluded) with the right to identify more specific portions of the testimony as to which protection is sought within 30 days following receipt of the deposition transcript or the date by which any review by the witness and corrections to the transcript are to be completed under Federal Rule of Civil Procedure 30.

(d) for information produced in some form other than documentary and for any other tangible items, that the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.2 **Inadvertent Failures to Designate.** If timely corrected, an inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. The Receiving Party shall also promptly destroy or return the inadvertently produced material, and all copies thereof, and shall retain only the materials designated as "CONFIDENTIAL."

**6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 **Timing of Challenges.** Any Party or Non-Party may challenge a designation of confidentiality as soon as practicable so as not to prejudice or harm the opposing party or otherwise disrupt the litigation.

6.2 **Meet and Confer.** The Challenging Party shall initiate the dispute resolution process by notifying the Designating Party of each designation it is challenging and describing the basis for each challenge. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of notification. In

conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 **Judicial Intervention.** If the Parties cannot resolve a challenge without Court intervention, the Challenging Party shall file and serve a motion challenging confidentiality within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute. The burden of persuasion in any such challenge proceeding shall be on the Challenging Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Sanctions will not be pursued where a challenge is resolved through the meet and confer process set forth herein. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 **Basic Principles.** A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, and for no other purposes and no other client. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below.

7

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     **Disclosure of "CONFIDENTIAL" Information or Items.**  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation as well as non-attorney employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the Receiving Party's officers, directors, and employees (including In-House Counsel) to whom disclosure is reasonably necessary for this litigation;

(c)     Experts (as defined in this Order) (i) to whom disclosure is reasonably necessary for this litigation and (ii) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that any portion of any Expert Report that reproduces information designated as CONFIDENTIAL must be redacted if allowed by the Court before the Expert Report is filed with the Court or must be redacted if otherwise disclosed to any person not bound by this Agreement;

(d)     the Court and its personnel;

(e)     court reporters and their staff;

(f)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the author or recipient of a document containing the information, or a custodian or other person who otherwise possessed or knew the information;

(h)     during their depositions, witnesses in the Action to whom disclosure is reasonably necessary, unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

## 8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as

9

"CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)   The terms of this Stipulated Protective Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)   If a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)   make the information requested available for inspection by the Non-Party.

(c)   If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce

the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.     PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

The production of privileged or work product protected documents, electronically stored information ("ESI"), or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this Action or in any other proceeding. If a Producing Party identifies produced Disclosure or Discovery Material that it believes is privileged, it shall notify the Receiving Party's counsel in writing, and identify the Disclosure or Discovery Material that it claims is privileged. Upon receipt of notification that privileged Disclosure or Discovery Material was produced, the Receiving Party shall, within five (5) business days, return the Disclosure or Discovery Material claimed to be privileged, and any copies thereof, and confirm to the Producing Party in writing that all electronic copies of the document have been deleted or otherwise destroyed. Within ten (10) business days of the

notification that the Disclosure of Discovery Material has been returned or destroyed, the Producing Party shall update its privilege log to reflect the Disclosure or Discovery Material that it produced. This paragraph does not constitute a waiver of the Receiving Party's right to challenge the claim of privilege.

**12. MISCELLANEOUS**

12.1 **Right to Further Relief.** Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

12.2 **Right to Assert Other Objections.** By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. The production of Protected Material shall not constitute an admission or concession by the Producing or Designating Party that such Protected Material is relevant or probative of any issue or is admissible at any proceedings for any purpose.

12.3 **Publicly Available Materials.** Nothing in this Stipulated Protective Order shall be deemed in any way to restrict the use of documents or information that are lawfully obtained or publicly available to a Party independently from discovery in this Action, whether or not the same material has been obtained during the course of discovery in the Action and whether or not such documents or information have been designated as Protected Material.

12.4 **Filing Protected Material.** Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with the procedure set forth by the United States District Court for the Southern District of New York, and the Individual Rules of Judge Valerie Caproni.

**13.   FINAL DISPOSITION**

Within 60 days after the final disposition of this Action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain one archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 4.

**IT IS SO STIPULATED.**

Dated: April XX, 2022 *(handwritten: 12)*

By: _____
C.K. Lee
Rony Guldmann
LEE LITIGATION GROUP, PLLC
148 West 24th Street, Eighth Floor
New York, NY 10011
(212) 465-1188

*Counsel for Plaintiff Henry Franklin*

Dated: April 18, 2022

By: _____
Jason C. Schwartz (*pro hac vice*)
Greta B. Williams (*pro hac vice*)
Alex Bruhn (*pro hac vice* forthcoming)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500
jschwartz@gibsondunn.com
gbwilliams@gibsondunn.com
abruhn@gibsondunn.com

Grace E. Hart
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
(212) 351-4000
ghart@gibsondunn.com

*Counsel for Defendants Whole Foods Market Group, Inc. and Amazon.com, Inc.*

By: _____

Evan B. Citron
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
599 Lexington Avenue
New York, NY 10022
(212) 492-2500
evan.citron@ogletree.com

*Counsel for Defendant Cornucopia Logistics, LLC*

14

The foregoing Stipulation is hereby APPROVED as an Order of the Court.

DATED: April 22, 2022      _____
　　　　　　　　　　　　　　　　Hon. Judge Valerie Caproni

15

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of New York in the case of *Franklin v. Whole Foods Market Group, Inc.*, No. 1:20-cv-04935. The undersigned agrees to comply with and to be bound by all the terms of this Stipulated Protective Order and understands and acknowledges that failure to so comply could expose him/her to sanctions and punishment in the nature of contempt. The undersigned solemnly promises that he/she will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

The undersigned further agrees to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Signature: _____

Date: _____