# LEE LITIGATION GROUP, PLLC

148 WEST 24TH STREET, 8TH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1188
FAX: 212-465-1181
INFO@LEELITIGATION.COM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/10/2022

WRITER'S DIRECT:       (212) 465-1188
                       CKLee@leelitigation.com

May 10, 2022

**Via ECF**:
The Honorable Valerie E. Caproni, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007



> Re:    *Franklin v. Whole Foods Market Group, Inc. et al*
>        Case No. 20-cv-04935-VEC

Dear Judge Caproni:

We are counsel to Plaintiff in the above-captioned matter. We write to move the Court to quash four subpoenas that Defendants Whole Foods Market Group, Inc. and Amazon.com, Inc. ("Defendants) either have served or intend to serve upon four non-parties.

On May 5, 2022, Defendants' counsel provided us with copies of subpoenas that it planned to serve on three corporate entities: (a) FedEx Ground Package Systems, Inc., (b) Fresh Direct LLC, and (c) Vertex Global Solutions, Inc. These three subpoenas are attached to this letter motion as **Exhibits A**, **B**, and **C** respectively. FedEx Ground Package Systems, Inc. is the defendant in another conviction history-based discrimination class action initiated by Plaintiff Franklin.  The action was originally filed on March 12, 2021, in the Southern District as *Franklin v. FedEx Ground Package System, Inc* (21-cv-02204).  It has since been dismissed and refiled in New York Supreme Court under the same name (Index No. 528068/2021) for the purpose of effecting a class-wide settlement, which received preliminary approval from that court on March 1, 2022 (Dkt. No. 14). Fresh Direct LLC and Vertex Global Solutions, Inc. are the two defendants in another Fair Chance Act action brought by Plaintiff Franklin, currently pending in the Southern District as *Franklin v. Vertex Global Solutions, Inc. et al*., (20-cv-10495). Defendants also stated that they intended to subpoena another corporate entity called Dutch Express LLC but without providing us with a copy of the anticipated subpoena.  Dutch Express is a logistics company for which Plaintiff worked for about six (6) months in or around 2018 before he filed a complaint with a government agency alleging wage violations (not discrimination of any kind).

All three subpoenas make the same document requests, reproduced here:

> 1. All DOCUMENTS and COMMUNICATIONS CONCERNING PLAINTIFF'S application(s) for employment with YOU, including, but not limited to, interview notes, and any resumes, curriculum vitae, cover letters, emails, and application forms he submitted in connection therewith.

2. All DOCUMENTS and COMMUNICATIONS CONCERNING PLAINTIFF'S BACKGROUND CHECK(s).

3. All DOCUMENTS and COMMUNICATIONS CONCERNING the outcome of PLAINTIFF'S application(s) for employment with YOU, including any offer(s) of employment made by YOU to PLAINTIFF, including conditional offers of employment, and any DOCUMENTS or COMMUNICATIONS CONCERNING PLAINTIFF'S application(s) for employment with YOU.

4. All DOCUMENTS and COMMUNICATIONS CONCERNING the reasons YOU rejected PLAINTIFF'S application(s) for employment, if applicable.

5. All DOCUMENTS CONCERNING the job description for the position for which PLAINTIFF applied and the terms of compensation for that position, including without limitation salaries, wages, bonuses, commissions, and tips.

The Court should quash these subpoenas because it is clear that the requested information bears no logically conceivable relationship to Defendants' liability in this action.  Either Defendants violated the various statutes under which Plaintiff brough this claims or they did not. What is certain, however, is that the answer is utterly unaffected by what may have transpired during Plaintiff's previous employment or when he applied for other jobs. Nor can Defendants argue that the information requested can shed light on Plaintiff's typicality or adequacy as a class representative, given that the Court has bifurcated discovery, postponing discovery related to class certification (at Defendants' request).  The fair inference, then, is that Defendants are seeking merely to harass Plaintiff by threatening the disclosure of his private information while simultaneously depleting the resources of Plaintiff's counsel by forcing them to fend off this unwarranted gambit to intrude upon Plaintiff's privacy.

Motions to quash subpoenas are "entrusted to the sound discretion of the district court." *In re Fitch, Inc. v. UBS PaineWebber, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) (internal quotation marks omitted). However, it should be "undisputed that Plaintiff has standing to move to quash the non-party subpoenas," given that he has "a legitimate privacy interest in information regarding his subsequent [and prior] employment [applications]." *Warnke v. CVS Corp.*, 265 F.R.D. 64, 66, 2010 U.S. Dist. LEXIS 16399, *3 (E.D.N.Y. Feb. 23, 2010).  The Court should grant Plaintiff's motion because Defendants cannot "show how the requested evidence is relevant to their defense that they had non-pretextual reasons for [declining] Plaintiff's employment [application]." *Dowling v. New York-Presbyterian/Weill Cornell Med. Ctr.*, 2020 U.S. Dist. LEXIS 47001, *6-7 (S.D.N.Y. March 16, 2020). While Defendants' goal is doubtless to discredit Plaintiff and his claims by any means necessary, "an attack on plaintiff's credibility by introducing evidence of his character in another employment setting is likely inadmissible propensity evidence under [Federal] Rule [of Evidence] 404(a)." *Lewin v. Nackard Bottling Co.*, 2010 U.S. Dist. LEXIS 123738, *5, 2010 WL 4607402 (D. Ariz. Nov. 4, 2010).  Defendants' intention to subpoena Dutch Express is particularly absurd, since Plaintiff's conflict with that entity had nothing to do with his conviction history, and his job performance there can reveal nothing about whether Defendants' adverse action was lawful. *See Henry v. Morgan's Hotel Grp.*, Inc., 2016 U.S. Dist. LEXIS 8406, 2016 WL 303114, at *3 (S.D.N.Y. Jan. 25, 2016) (quashing a subpoena because "[e]ven if [Plaintiff] was not an 'exceptional' waiter at his prior jobs (whatever that may mean), it

2

is not remotely apparent what difference that would make regarding the allegations of discrimination and retaliation he has made in this case.").

Given the patent frivolity of Defendants' anticipated subpoenas, the Court should also sanction Defendants' counsel for their conduct under 28 U.S.C. § 1927 and the Court's inherent power to sanction. A court has the inherent power to sanction an attorney who has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (citation omitted). And 28 U.S.C. § 1927 provides that a court may require an attorney who "multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." For reasons that have been explained, that is precisely the situation at hand, and the Court should, accordingly, compel Defendants to pay Plaintiff's attorneys fees for the writing of this motion and any subsequent effort that Plaintiff's counsel are required to expend as a result of Defendants' vexatious behavior.

Plaintiff notes that these subpoenas are only the latest example of this vexatiousness, which began soon after the Court denied Defendants' motion to dismiss. The Court will recall Defendants' anticipated motion for judgment on the pleadings the purpose of which was to dismiss Plaintiff's claims against Whole Foods notwithstanding *the Court's finding that Plaintiff had plausibly alleged that Amazon and Whole Foods were joint employers* (without ruling on aider-and-abettor liability, which has a much lower bar). While the Court did express some reservations about this determination, that does not change the fact that Defendants' renewed bid to dismiss claims against Whole Foods would be collaterally estopped by the Court's Order of January 26, 2022, denying Defendants' motion to dismiss. The Court wisely dismissed the anticipated 12(c) motion as pointless at the parties' April 6, 2022, conference, which has thankfully deterred Defendants (for the time being, at least).

There is more. A week before that conference, Defendants served Plaintiffs' counsel with a Rule 11 letter threatening them with sanctions should they fail to drop Plaintiff's claims against Whole Foods—again, *after this Court had already ruled that those claims were adequately pled*. *See* **Exhibit D**. In an irony that was utterly lost on Defendants' counsel, it was their planned Rule 11 motion, and not Plaintiff's reliance on a prior judicial determination (however qualified), that truly ran afoul of Rule 11. Plaintiff's counsel shrugged off the threat, which, like the 12(c) motion, never materialized. Even so, it helpfully illustrates the pattern of legally frivolous and vexatious behavior of which these subpoenas are the latest instance. The Court should put an end to this by imposing sanctions on Defendants' counsel.

We thank Your Honor for considering our arguments.

Respectfully submitted,

*/s/ CK Lee*
C.K. Lee, Esq.

cc: All parties via ECF

3

Application DENIED without prejudice.

Plaintiff's motion to quash is not in compliance with the Court's Individual Practices with respect to discovery disputes. *See* Rule 3(B) of the Undersigned's Individual Practices in Civil Cases. Plaintiff is welcome to re-raise the discovery dispute with the Court in compliance with Rule 3(B), which requires that Plaintiff's counsel first meet and confer in good faith with opposing counsel, among other requirements.

The Clerk of Court is respectfully directed to close the open motion at docket entry 66.

SO ORDERED.

Date: May 10, 2022

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE